UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MARCI COMMAND;
TIMOTHY COMMAND,

                     Plaintiffs,                           Case No.  1:10-CV-1117

v.                                              HON. ROBERT J. JONKER

BANK OF AMERICA, N.A.,

                     Defendant,

_____/

### ORDER
### APPROVING REPORT AND RECOMMENDATION

      The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 59) filed on April 21, 2014.  Plaintiffs filed  objections to the Report and Recommendation (docket # 60) on May 6, 2014 and thereafter have filed several supplementals with the Court (dockets # 63, 65, 67, 69, and 71).

      Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified. 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997).  Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).  De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge.  *Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge;

the Report and Recommendation itself; and Plaintiffs' objections and supplementals. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

Federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States," 28 U.S.C. § 1331, as well as civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332. Plaintiff's federal claims are subject to dismissal and there is no independent basis for retaining state law claims.

### 1.      Federal Questions

The Report and Recommendation carefully examines plaintiff's two separate federal claims against defendant in the light most favorable to the plaintiffs' view of the facts. In that light the Report and Recommendation also examines a possible third federal claim for mail fraud. But even in that light, plaintiffs' federal claims are subject to dismissal. They have not alleged a *Twombly* plausible RICO claim because, among other things, they have not alleged the existence of a necessary "enterprise" under the RICO statute (*see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Nor have they pleaded any basis on which to believe the Hobbs Act or mail fraud statute gives them a private cause of action. The law is well-established to the contrary. The Court therefore agrees with the Magistrate Judge's analysis of summary judgement and the relevant statutes, as well as his recommendations in this case on the federal claims. The Court also declines to extend supplemental jurisdiction over the remaining state claims 28 U.S.C. § 1367(c).

### 2.      Diversity of Citizenship

Adopting the recommendation of the Magistrate Judge leaves this Court without subject matter jurisdiction over any claim under 28 U.S.C. § 1331, and the Court has declined supplemental jurisdiction. Neither party claims that the Court has  jurisdiction under 28 U.S.C. § 1332, and the record does not support it. "In examining whether the Court has subject matter jurisdiction over an action removed from state court, the original complaint controls." (*Midfirst Bank v. McGhee,* No. 1:13-cv-278, 2013 WL 4010238, at *3 (W.D. Mich. Aug. 5, 2013) (*citing Hampton v. R.J. Corman R.R. Switching Co.,* 683 F.3d 708, 711 (6th Cir. 2012).

Plaintiffs' amended complaint makes no allegations regarding the parties' citizenship. Additionally, under the jurisdictional section of the complaint, the plaintiffs state that the amount in controversy exceeds $25,000 not the $75,000 threshold required by the statute. "A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction" (*Washington v. Sulzer Orthopedics, Inc.*, 76 Fed. Appx. 644, 646 (6th Cir. 2003) (*citing* Fed. R. Civ. P. 8). The plaintiff "must state all parties' citizenships such that the existence of complete diversity can be confirmed" (*Id.* quoting *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999)). The Court finds that plaintiffs have not met their burden of showing complete diversity of citizenship in this case, and accordingly this Court does not have subject matter jurisdiction under 28 U.S.C. § 1332(a).

### CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (doc. #59) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss (docket #36) is **GRANTED** as to Counts VIII and X of the amended complaint.

**IT IS FURTHER ORDERED** that plaintiff's remaining claims as alleged in Counts I, II, III, IV, V, VII and IX of the amended complaint are **REMANDED** to the Grand Traverse County Circuit Court under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that plaintiffs' motion to file a second amended complaint (doc. #40) is **DISMISSED** as moot.  Plaintiffs may present the case to the state court.

**IT IS SO ORDERED**.


_____/s/Robert J. Jonker_____
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

Dated:  August 19, 2014